IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-00041 |
| ) | |
| DANIEL P. BEWLEY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF**

The plaintiff United States of America, at the request of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this action seeking a permanent injunction barring the defendant Daniel P. Bewley, and anyone in active concert or participation with him, from acting as a federal tax return preparer. In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

1. Jurisdiction exists under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. ("Internal Revenue Code" or "I.R.C.") §§ 7402 and 7407.

2. The defendant has consented to venue and personal jurisdiction before this Court, because the underlying criminal case was conducted in this Court, and this judicial district is where a substantial part of the events giving rise to this case occurred in this jurisdiction. *See* Exhibit 1 attached hereto, Permanent Injunction Agreement between the United States of America and Daniel P. Bewley.

3. The defendant Daniel P. Bewley ("Bewley") is currently incarcerated and resides at the Federal Correctional Institution – Terre Haute, Indiana. Prior to his incarceration the defendant

1

resided and conducted business in this judicial district.

## Factual Allegations

4.      Bewley began preparing federal income tax returns for individual taxpayers sometime in 2006, primarily Forms 1040, 1040-A, or 1040EZ.

5.      Bewley is known to have conducted business under the name Bewley's Tax Service since at least October 2008.   On or about November 22, 2010, Bewley formed or caused to be formed an Indiana domestic for-profit corporate entity by the name of Bewley's Tax Service LLC, Inc., with locations in Hobart, Indiana and Lake Station, Indiana, through which he also did business.

6.      Bewley charged his customers, on average, $100 to prepare and file tax returns, regardless of whether he was holding himself out as Bewley's Tax Service or Bewley's Tax Service LLC.

7.      Since January 1, 2012, IRS regulations have required any tax return preparer who anticipates preparing and filing 11 or more Forms 1040, 1040A, 1040EZ, and 1041 (collectively, "Forms 1040") during a calendar year to obtain an Electronic Filing Identification Number ("EFIN") and to file the returns electronically using IRS e-file.   The IRS assigns an EFIN to firms that have completed an application process and have passed a suitability check to become an authorized IRS e-file provider able to file tax returns electronically.   The IRS monitors the EFIN program and imposes sanctions for the improper use and/or registration of EFINs.

8.      Bewley was assigned an EFIN by the IRS, but it was inactive and was not used to file any tax returns for the years alleged herein.   Prior to 2015, Bewley used an EFIN that was registered to a business entity by the name of Forward Motion LLC to file returns he prepared both in Hobart, Indiana and in Lake Station, Indiana.   Forward Motion LLC had a sole member who is unrelated to

Bewley.  At times, Bewley held himself out to his customers as doing business under a similarly named entity, Forward Motion Tax Service, without the apparent knowledge or consent of the sole member of Forward Motion LLC.  This was in addition to Bewley holding himself out as doing business as Bewley's Tax Service.  The Indiana Secretary of State administratively dissolved Forward Motion LLC in 2013.

## The IRS's Investigation

9. The IRS began investigating Bewley by examining 208 tax returns that he prepared for others for the 2011, 2012, 2013, and 2014 tax years.

10. During this period, Bewley filed 1,602 individual federal income tax returns, of which 1,522 (96%) claimed tax refunds.

11. The IRS determined that 156 of the 208 returns it had selected for examination falsely understated the amount of tax due.

12. The IRS identified two primary schemes that Bewley utilized in preparing returns that falsely understated the amount of tax due.  Bewley understated the amount of his customers' income in a given year on a false Schedule C in order to minimize their gross income to reduce the amount of tax liability incurred, or he filed returns with bogus or inflated Schedule A deductions in order to maximize the amount of his customers' tax refunds.

13. During those IRS examinations, Bewley's customers indicated that they had provided Bewley correct information but Bewley nonetheless reported incorrect and false information on their returns.

14. The IRS assigned a Revenue Agent to investigate Bewley further, due to Bewley's use of the schemes described in paragraph 12, above.

15. The Revenue Agent interviewed eight of Bewley's customers whose returns the IRS

had examined.

16. All eight interviewed customers stated that Bewley had reported incorrect and false information on their returns.

17. The federal income tax returns of each interviewed customer required adjustment, due to Bewley's use of one or more of the schemes described in paragraph 12, above.

18. The IRS also opened a criminal investigation of Bewley.

19. The IRS criminal investigators interviewed both Bewley and his customers and conducted additional investigatory steps.

20. On January 9, 2015, the IRS suspended the EFIN belonging to Forward Motion Tax Services that Bewley had been using.

21. IRS criminal and civil agents visited Bewley's place of business and interviewed Bewley on February 18, 2015, and made him aware that the IRS was investigating his abusive federal income tax preparation practices.

22. Despite these warnings, Bewley continued his pattern of preparing false and fraudulent returns, and after the EFIN Bewley used which belonged to Forward Motion LLC was suspended, he continued his tax preparation business and began to advertise his services on his personal Facebook page.

23. The fraudulent returns that Bewley has prepared and filed have caused substantial harm to the United States by falsely reducing his customers' reported tax liabilities, helping taxpayers obtain refunds to which they were not entitled.

24. The 156 returns prepared by Bewley which were examined and required adjustments showed an average deficiency of $2,108, and showed an aggregate tax loss to the United States of $328,848.

25. Because the IRS examined or reviewed only a portion of the returns prepared by Bewley, it is likely that the tax loss to the United States exceeds $328,848.

26. The United States is harmed because the IRS must devote some of its limited resources to investigating Bewley's conduct as a tax return preparer, detecting and examining inaccurate and fraudulent returns filed by Bewley, and attempting to assess tax deficiencies against and collect from his customers these unpaid taxes and penalties, some of which may not be collectible.

27. On November 19, 2015, a grand jury sitting in the United States District Court for the Northern District of Indiana returned a 14-count indictment against Bewley and charged him with violations of 18 U.S.C. §§ 287 and 1028A (false claim against the government and aggravated identity theft). On March 16, 2017, the grand jury returned a 25-count superseding indictment against Bewley and charged him with violations of 18 U.S.C. §§ 287 and 1343 (false claim against the government and wire fraud), and 26 U.S.C. § 7206(1) (false income tax returns). *See United States v. Daniel P. Bewley*, Case No. 2:15-cr-00136-JTM-APR (N.D. Inc.), Doc. 1 and Doc. 24 (the "Criminal Case").

28. The charges in the Criminal Case arose from Bewley's scheme to defraud the United States by filing tax returns on behalf of his customers that contained false and/or fraudulent information.

29. For example, on or about March 29, 2012, JT came to the tax return preparation business Bewley operated in Lake Station, Indiana. The business was called Forward Motion Tax Service. JT paid Bewley $100 to prepare and electronically file a 2011 joint income tax return for her and her husband DT with the IRS. Bewley knew that returns electronically filed in Indiana were transmitted to another state but Bewley was not exactly sure where. Bewley took payment and

5

information from JT and gave her a copy of a return.   The return Bewley handed JT reflected the deductions she was legitimately entitled to receive.   When Bewley electronically filed the return, however, Bewley added college education credits.   Bewley did this without the taxpayer's knowledge or permission.   As a result of that improper credit JT's 2011 refund increased by $1065.   Another thing Bewley did with JT's return was change the tax refund disbursement method to have IRS direct deposit the inflated tax refund into a bank account Bewley held at EPS Financial.   Bewley then claimed $999 as his return preparer fee even though Bewley had already been paid by JT and was not entitled to any other money.   EPS issued a check to JT for what she was expecting to receive as a refund so she had no idea that Bewley inflated her deductions.

30.     In another example of Bewley's fraud, on July 3, 2013, Bewley electronically filed a 2012 Form 1040 income tax return in the name of Daniel & Juanita Bewley.   On that return Bewley falsely claimed that Bewley was entitled to an $18,677.00 refund based on credits for expenses Bewley never incurred like the purchase of 14,351 gallons of fuel and college expenses for Bewley's wife and Bewley.   In addition to the phony deductions Bewley also failed to report over $136,000.00 in income Bewley acquired from tax preparation fees.

31.     On August 11, 2017, the U.S. Attorney's Office for the Northern District of Indiana and Bewley entered into a written plea agreement whereby Bewley agreed to plead guilty to, among other things: (a) count four of the Criminal Case superseding indictment, which charged Bewley with wire fraud; and, (b) count twenty-four of the Criminal Case superseding indictment, which charged Bewley with filing a false tax return.   *See* Criminal Case Doc. 32.

32.     As part of his plea agreement in the Criminal Case, Bewley certified as correct a statement of facts, including the facts set forth in paragraphs 29 through 30, above, which detailed Bewley's scheme to defraud the United States and his clients.   *See* Criminal Case Doc. 32, ¶9.

33.     As part of the Criminal Case plea agreement (Doc. 32), memorialized in paragraph 7(f), Bewley agreed to enter into a civil injunction barring him for life from, among other things, aiding or assisting in the preparation of federal tax returns for anyone other than himself and/or his legal spouse or domestic partner, and from owning, operating, or working for any company that provides services relating to the filing, preparation, or payment of federal or state tax returns and/or taxes.  Bewley understood that this agreement meant that the United States would file a civil complaint against him in district court and that he would consent to a permanent injunction in that lawsuit.

34.     On August 24, 2017, Bewley appeared and pleaded guilty to counts four and twenty-four of the Criminal Case superseding indictment.

35.     On July 3, 2018, Bewley was sentenced to 33 months of imprisonment as to each count of the guilty plea, to run concurrently, and upon release from imprisonment ordered Bewley to be placed on supervised release for a total of three years.   Restitution to the IRS was ordered to be made in the amount of $331,493, and Bewley was to pay a $200 special assessment.

36.     On September 30, 2019, Bewley signed a Permanent Injunction Agreement, by which he agreed to be permanently enjoined from (1) aiding or assisting in the filing or preparation of federal or state tax returns for anyone other than Bewley and/or his legal spouse or domestic partner; (2) representing persons other than Bewley and/or his legal spouse or domestic partner before the IRS or state tax board; and (3) owning, operating, or working for any company that provides services relating to the filing, preparation, or payment of federal or state tax returns and/or taxes.   *See* Ex. 1 hereto.

**COUNT I: Injunction under I.R.C. § 7407 for Violation of I.R.C. §§ 6694 and 6695 and for Deceptive or Fraudulent Conduct that Interferes with Internal Revenue Code Administration**

37.     The United States incorporates by reference the allegations in paragraphs 1 through

7

36, above, as though fully set forth herein.

38. Pursuant to I.R.C. § 7407, a court is authorized to enjoin a tax return preparer who, among other things, engages in conduct subject to penalty under I.R.C. § 6694 or I.R.C. § 6695 or who engages in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

39. I.R.C. § 7701(a)(36) defines a "tax return preparer" as a person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return or a substantial portion thereof.

40. Bewley is a tax return preparer within the meaning of I.R.C. § 7701(a)(36).

41. I.R.C. § 6694(a) penalizes a tax return preparer if: (1) the preparer prepared a return or claim for refund that included an understatement of liability due to a position for which there was not a realistic possibility of being sustained on the merits; (2) the preparer knew (or reasonably should have known) of such position; and (3) the position was not properly disclosed or was frivolous.

42. I.R.C. § 6694(e) defines understatement of liability to include any understatement of tax due or "overstatement of the net amount creditable or refundable."

43. In violation of I.R.C. § 6694(a), Bewley prepared returns for customers that understated their tax liabilities and that he knew or should have known contained positions for which there was no substantial authority or for which there was no reasonable basis.

44. I.R.C. § 6694(b) penalizes a tax return preparer who prepares a return or claim with an understatement of liability: (1) in a willful attempt to understate the liability; or (2) with a reckless and intentional disregard of rules or regulations.

45. In violation of I.R.C. § 6694(b), Bewley prepared tax returns for customers that he

knew or reasonably should have known contained incorrect filing statuses, unreported wage income, false business income and expenses, false education expenses, and false itemized deductions in order to understate his customers' tax liabilities.

46. In violation of I.R.C. § 6694(b), Bewley recklessly or intentionally disregarded rules and/or regulations regarding filing statuses, wage income, business income and expenses, education expenses, and itemized deductions in order to understate his customers' tax liabilities.

47. I.R.C. § 6695(g) penalizes a tax return preparer who fails to comply with due diligence requirements imposed by the Secretary of the Treasury with respect to determining eligibility for the Earned Income Credit ("EIC").

48. In violation of I.R.C. § 6694(g), Bewley repeatedly failed to exercise due diligence by filing tax returns claiming EICs that reported figures he had reason to know were incorrect.

49. I.R.C. § 6695(a) penalizes a tax return preparer who, due to willful neglect, fails to furnish to the taxpayer a complete copy of the return that he prepared for the taxpayer.

50. In violation of § 6695(a), Bewley repeatedly failed to provide his customers with a complete copy of their prepared return, either intentionally or due to willful neglect.

51. I.R.C. § 6695(f) penalizes a tax return preparer who negotiates any check made in respect of the taxes imposed under the internal revenue code which is issued to a taxpayer.

52. In violation of § 6695(f), Bewley has repeatedly negotiated IRS refund checks issued to his customers without their knowledge or consent.

53. An injunction against Bewley is necessary and appropriate to prevent the recurrence of Bewley's conduct subject to penalty under I.R.C. §§ 6694 and 6695.

54. Anything less than a permanent injunction and complete bar on the preparation of tax returns is unlikely to stop Bewley from preparing fraudulent tax returns.

### COUNT II: Injunction under I.R.C. § 7402(a) for Unlawful Interference with Enforcement of the Internal Revenue Laws and Appropriateness of Injunctive Relief

55. The United States incorporates by reference the allegations in paragraphs 1 through 54, above, as though fully set forth herein.

56. Pursuant to I.R.C. § 7402(a), a court is authorized to issue orders of injunction as may be necessary or appropriate to enforce the internal revenue laws.

57. I.R.C. § 7402(a) expressly provides that its injunction remedy is "in addition to and not exclusive of" other remedies for enforcing the internal revenue laws.

58. Bewley's activities described above substantially interfere with the enforcement of the internal revenue laws because he prepared and filed numerous fraudulent tax returns that resulted in customers not paying their true federal tax liabilities and receiving tax refunds to which they were not entitled.

59. Bewley has shown that he should not be allowed to continue to prepare tax returns because he has deliberately played the audit lottery on behalf of his customers. By manipulating the income and expenses on Schedule C and inflating expenses on Schedule A, all items for which there is no independent third-party reporting, Bewley has selected schemes that the IRS can detect only by auditing returns or interviewing his customers. Because Bewley knows that the IRS lacks the resources to audit every return that includes these schedules, Bewley is actively subverting the American tax system, which relies on taxpayers to self-report their income and expenses fully and accurately.

60. An injunction prohibiting Bewley from preparing or assisting in the preparation of tax returns is needed to stop him from preparing and filing fraudulent tax returns and to prohibit him from otherwise interfering with the proper administration and enforcement of the internal revenue laws now and in the future.

61. If Bewley is not enjoined, the United States will suffer irreparable harm from the underpayment of taxes and the exhaustion of resources to enforce the internal revenue laws.

62. The public interest would be advanced by enjoining Bewley because an injunction will prevent his illegal conduct in the future, and the harm that conduct would cause the United States Treasury and the public if Bewley were to resume preparing income tax returns for others upon his release from prison.

63. An injunction under I.R.C. § 7402 is necessary and appropriate, because the United States has no adequate remedy at law.

**WHEREFORE**, the United States of America prays for the following:

A. That the Court find that Bewley has continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695, and in other fraudulent or deceptive conduct that substantially interferes with the proper administration of the tax laws; that, pursuant to I.R.C. § 7407, an injunction merely prohibiting conduct subject to penalty under I.R.C. §§ 6694 and 6695, or other fraudulent or deceptive conduct, would be insufficient to prevent his interference with the proper administration of the tax laws; and that Bewley should be permanently enjoined from acting as a tax return preparer;

B. That the Court find that Bewley has interfered with the enforcement of the internal revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to I.R.C. § 7402(a) under the Court's inherent equity powers;

C. That this Court, pursuant to I.R.C. §§ 7402(a) and 7407, enter a permanent injunction enjoining Bewley, his officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with him, from directly or indirectly:

    1. Preparing or assisting in the preparation or filing of federal tax returns, amended

11

returns, and other related federal tax documents and forms for anyone other than himself;

2. Advising, counseling, or instructing anyone about the preparation of a federal tax return;

3. Owning, managing, controlling, working for, or volunteering for an entity that is in the business of preparing federal tax returns or other federal tax documents or forms for other persons;

4. Providing office space, equipment, or services for, or in any other way facilitating the work of any person or entity that is in the business of preparing or filing federal tax returns or other federal tax documents or forms for others or representing persons before the IRS;

5. Advertising tax return preparation services through any medium, including print, online, and social media;

6. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

7. Representing any person in connection with any matter before the IRS;

8. Employing any person to work as a federal tax return preparer;

9. Referring any person to a tax preparation firm or a tax return preparer, or otherwise suggesting that a person use any particular tax preparation firm or tax return preparer;

10. Engaging in any conduct subject to penalty under 26 U.S.C. § 6694, 6695, and 6701, or engaging in any other conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

D. That this Court, pursuant to I.R.C. §§ 7402(a) and 7407, enter a permanent injunction enjoining Bewley, his officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with his or with them, from directly or indirectly operating a business that prepares federal tax returns;That this Court retain jurisdiction over Bewley and over this action to enforce any injunction entered against him; and,

E. That this Court grant the United States such other relief as the Court deems appropriate.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-616-5218 (v)
202-514-5238 (f)
Jeffrey.N.Nunez@usdoj.gov

13

**Exhibit 1**

## PERMANENT INJUNCTION AGREEMENT

I, Daniel P. Bewley, by affixing my signature below, agree to be permanently enjoined from the following:

    Aiding or assisting in the filing or preparation of federal or state tax returns for anyone other than myself and/or my legal spouse or domestic partner;

    Representing persons (other than myself and/or my legal spouse or domestic partner) before the Internal Revenue Service or state tax board; and,

    Owning, operating, or working for any company that provides services relating to the filing, preparation, or payment of federal or state tax returns and/or taxes.

Further, I consent to venue and personal jurisdiction for a civil case to be filed against me as the defendant in the United States District Court for the Northern District of Indiana, in order for the United States of America to seek entry of a permanent injunction in accordance with the terms of this agreement, and as agreed to by me in my plea agreement in a related criminal case, captioned *United States of America v. Daniel P. Bewley*, Case No. 2:16-cr-00136-JTM-APR (N.D. Ind.) (Doc. 32).

Signed: *Daniel P. Bewley*

Print Name: Daniel Bewley

Dated: 09/30/2019
        [MM/DD/YYYY]

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey Nuñez, Trial Attorney, Tax Division (202) 616-5218
P.O. Box 55, Ben Franklin Station
Washington, DC 20044

### DEFENDANTS
DANIEL P. BEWLEY

County of Residence of First Listed Defendant  VIGO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. § 7402(a)
Brief description of cause:
Consented-To Permanent Injunction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 0.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  Moody/Magistrate Judge Rodovich
DOCKET NUMBER  2:15-cv-136-JTM-APR

DATE  01/30/2020
SIGNATURE OF ATTORNEY OF RECORD  */s/ Jeffrey Nuñez*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____